UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK VALLES, | CASE No. 1:13-cv-00555-MJS |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| MARK AGUILAR, et al., | (ECF Nos. 7 and 12) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

Plaintiff Frank Valles, a pre-trial detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2013. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4.)

On July 1, 2013, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 6.) Plaintiff was instructed to file an amended complaint within thirty days. (Id.) Plaintiff subsequently appealed the dismissal, but the appeal was dismissed for lack of jurisdiction. (ECF Nos. 8 and 11.) Plaintiff has not filed an amended complaint.

On September 10, 2013 and again on October 30, 2013, the Court ordered Plaintiff to file an amended pleading or, in the alternative, to show cause why his case should not be dismissed for failure to comply with a Court Order and failure to state a claim. (ECF Nos. 7 and 12.) Plaintiff has not complied with or otherwise responded to

the Court's orders.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable

delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's orders expressly warned Plaintiff that failure to respond would result in dismissal of this action for failure to obey a court order and failure to prosecute.  (ECF Nos. 7 and 12.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders.

Accordingly, the Court hereby ORDERS that this action be dismissed, with prejudice, for failure to comply with the Court's September 10, 2013 and October 30, 2013 orders and failure to state a claim. (ECF Nos. 7 and 12.)

IT IS SO ORDERED.

Dated:   December 12, 2013            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE